CAMPBELL, Judge.
Appellant appeals the jury verdict in favor of appellee and the resulting final judgment of the trial court. We reverse.
The cause of action below arose out of an accident that occurred when appellant’s automobile collided with appellee’s horse which had strayed onto U.S. Highway 41, in Sarasota County, at approximately 1:25 a.m., on August 14, 1983. Appellant’s two-count complaint below alleged in count I that the horse, owned by appellee, “had negligently been permitted to stray upon Highway 41.” Count II alleged that by allowing her horse to stray upon Highway 41, appellee had “violated the requirements of Florida Statute 588.01, 588.11 and 588.-14....”
The facts either proffered or accepted into evidence in the trial below establish that appellee bought, bred and sold show horses, at least three of which she had been keeping at the time of the accident on the property from which the one that collided with appellant’s automobile had escaped.
The property on which appellee had been keeping the horses for about four years was located adjacent to Highway 41 between Sarasota and Venice. Appellee did not own the property, did not know who owned the property and did not have permission of anyone to keep her horses on the property. While it appears that the property was fenced with a barbed wire fence and had a gate that was permanently locked, access by appellee and others was through several “wire gaps” in the fence. The “wire gap” was described simply as a section of the barbed wire fence that could be unwrapped from one of the fence posts and pulled aside to allow access to the property. While it appeared that numerous persons had access to the property from time to time for various purposes, appellee had no idea who had access to the property or under what terms and conditions.
It appears that appellee’s horse had escaped onto the highway so as to cause the accident through one of three “wire gaps,” through which vehicles had recently entered, that had been left open by persons unknown at a time unknown. Appellee had last inspected the fence surrounding the property some three months prior to the accident. She did not recall when she had *40 last been at the property prior to the accident. She had no right of control over the property or the fence and had no right to deny anyone access to the property.
It is clearly established by the pleadings and record below that the theory of appellant’s case was based on general allegations of negligence and violations of sections 588.14 and 588.15, Florida Statutes (1983), asserting that appellee was negligent in using property along a major highway to pasture her horses when she had no ability to control 'or right to maintain the property. When appellant sought to offer proof that appellee did not own the property and had no permission to keep her horses there, the trial judge sustained an objection to that evidence. It is the exclusion of that evidence that appellant argues was error. We agree with appellant that it was error to exclude evidence of appellee’s lack of ownership, control and permission to use the property.
At trial, appellee’s objection to the evidence of lack of ownership was based upon her contention that section 588.08, Florida Statutes (1983) barred evidence of ownership. We agree with the essence of the holding in Davidson v. Howard, 438 So.2d 899 (Fla. 4th DCA 1983) that sections 588.-01 through 588.11, pertaining to “legal fence” and “legally enclosed” land requirements have nothing to do with the remaining sections of chapter 588, known as the Warren Act, adopted by the legislature in 1949 as chapter 25236, Laws of Florida (1949). Sections 588.01 through 588.11 were enacted to protect landowners against trespassers, whereas the Warren Act was enacted to impose a duty on owners of livestock to keep their livestock off public roads.
While appellee has also presented to us that same argument concerning the applicability of section 588.08, it appears the trial court erroneously excluded the evidence of ownership of the land on the basis of relevancy and not based upon section 588.08. The trial court, in ruling inadmissible the evidence of ownership of the property and the lack of appellee’s right to pasture her horses thereon, correctly stated: “The question is whether or not she kept them negligently or negligently allowed them to run.” The trial judge’s error occurred in failing to recognize that it would be highly relevant in determining whether appellee “kept them negligently or negligently allowed them to run” as to whether she “kept them” or “allowed them to run” on property adjacent to a major highway over which she had absolutely no right or ability to control.
The sole theory of appellant’s case was whether appellee negligently maintained her horses in such a manner and under such circumstances that they might reasonably be expected to be able to stray upon public highways. Any evidence relevant to prove that fact is admissible unless precluded by some specific rule of exclusion. McCrae v. State, 395 So.2d 1145 (Fla.1981); § 90.402, Fla.Stat. (1983). No applicable rule of exclusion has been demonstrated.
Since relevant evidence bearing upon appellant’s cause of action was erroneously excluded, we reverse and remand for a new trial.
GRIMES, A.C.J., and HALL, J., concur.