749 So.2d 563 (2000)
Frank A. HANSON, Appellant,
v.
John H. SCHARBER and Cecelia Gude Scharber, Appellees.
No. 2D98-4827.
District Court of Appeal of Florida, Second District.
January 19, 2000.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and D. Frank Winkles of Cunningham Clark & Greiwe, P.A., Tampa, for Appellant.
Tracy Raffles Gunn and Robert M. Stoler of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellees.
PATTERSON, Chief Judge.
Frank Hanson appeals from a final summary judgment in favor of John and Cecelia Scharber in this negligence action regarding a bull which strayed onto a public road. We reverse and remand for further proceedings.
In his complaint, Hanson alleged that while driving his motor vehicle on Darby Road in Pasco County, he struck a bull which the Scharbers had negligently allowed to stray onto the roadway in violation of section 588.15, Florida Statutes (1995). After limited discovery, the Scharbers moved for summary judgment, asserting there was no evidence of negligence on their part and that the bull had been confined to its pasture by a "legal fence" as defined by section 588.011, Florida Statutes (1995).
Prior to 1949, Florida was an "open range" state where livestock were permitted to roam freely. The "open range" ended in 1949 with the passage of the Warren Act, chapter 588, Florida Statutes. See generally Fisel v. Wynns, 667 So.2d 761 (Fla.1996). The pertinent sections of chapter 588, Florida Statutes (1995), which apply here are:
588.14 Duty of owner.No owner shall permit livestock to run at large on or stray upon the public roads of this state.
588.15 Liability of owner.Every owner of livestock who intentionally, willfully, carelessly, or negligently suffers or permits such livestock to run at large upon or stray upon the public roads of this state shall be liable in damages for all injury and property damage sustained by any person by reason thereof.
Sections 588.01 and 588.011 define the requirements of "general" and "legal" fences. *564 The Scharbers' fence is a "legal fence" as defined in section 588.011. It is their position that the enclosure of their property with a legal fence provides them a grant of immunity under the facts of this case.
In summary, the 1,600 pound bull simply pushed a section of the fence down and escaped. The Scharbers had experienced no prior escapes and inspected the fence on a regular basis. There is no evidence that the fence was not properly maintained. However, we find no authority for the proposition that the mere use of a legal fence equates to full compliance with chapter 588 and reject that position. See Zuppardo v. O'Hare, 487 So.2d 39 (Fla. 2d DCA 1986). The issue is whether the bull's escape was the result of the Scharbers' negligence. The trial court concluded that there was no evidence of negligence and granted the motion for summary judgment.
In his deposition, Mr. Scharber theorized as to how the bull escaped:
Apparently [the bull] got up to the fence and put his head over or justor something like that. And I guess a staple came loose, and being a bull he just went over.
. . . .
I guess he put his weight on it, and it had come loose and he commenced to meshing [sic] down the fence and went on being a bull.
Mr. Scharber demonstrates a knowledge of the propensity of bulls. We conclude that an issue of material fact remains as to whether the fence was adequate for its intended purposethe restraint of an 1,600 pound bull which makes up its mind to wander off. Therefore, we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
THREADGILL and CASANUEVA, JJ., Concur.