PER CURIAM.
Christopher Andrews was tragically killed when his car collided with a cow, owned by the University of Florida, on highway 241. The main issue at trial was whether the University’s negligence allowed the cow to get onto the highway. On the issue of negligence, the trial court committed reversible error by instructing the jury that the defendant’s alleged failure to comply with section 588.01, Florida Statutes, could be considered as evidence of the defendant’s negligence under section 588.15, Florida Statutes (1999). See Hanson v. Scharber, 749 So.2d 563, 564 (Fla. 2d DCA 2000) (holding that an issue of material fact remained as to whether livestock owners had constructed an adequate fence to restrain a bull, even though the owners had complied with the fencing requirements in chapter 588); Zuppardo v. O’Hare, 487 So.2d 39, 40 (Fla. 2d DCA 1986) (stating that the fencing requirements in sections 588.01 through 588.11 “have nothing to do with the remaining sections of chapter 588, known as the Warren Act”); Davidson v. Howard, 438 So.2d 899, 901 (Fla. 4th DCA 1983) (same). Accordingly, we REVERSE and REMAND for a new trial.
DAVIS, LEWIS and POLSTON, JJ., concur.